UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

ADAM TRAVIS DAVIS )
 )
v. )NO. 2:04-CV-377
 )
HAMBLEN COUNTY JAIL, OTTO )
PURKEY, ROOKIE INMAN, JUDGE )
JOYCE WARD, and MARK SNODEN )

**MEMORANDUM and ORDER**

Adam Travis Davis, a prisoner in the Hamblen County Jail, brings this *pro se* civil rights action for injunctive relief under 42 U.S.C. § 1983. The plaintiff's application to proceed *in forma pauperis* is **GRANTED**. However, since the plaintiff is a prisoner, he is **ASSESSED** the civil filing fee of one hundred, fifty dollars ($150.00).[1] 28 U.S.C. § 1914(a); *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997).[2]

---

[1] The filing fee was increased to $250 on February 7, 2005. The plaintiff is being assessed the old filing fee since he filed this case before the fee was increased.

[2] Typically, after the fee has been assessed, the custodian of inmate trust accounts at the facility where the prisoner is housed is ordered to submit installment payments

In his complaint, the plaintiff asserts that when he entered the Hamblen County Jail, he had been diagnosed as suffering from "postorminic" [Post-traumatic?] Stress Disorder and manic depression; that he had been treated for these mental diseases at the Lakeshore Mental Hospital; that someone from Lakeshore sent a facsimile to the Hamblen County General Sessions Court, informing that court that the plaintiff did not need to be locked up; that he, nevertheless, was incarcerated; and that, since that time, he has been given only one of five medications, which have been prescribed to treat his mental conditions. Before a prisoner may bring a civil rights action pursuant to 42 U.S.C. § 1983, he must first allege and show that he has exhausted all available administrative remedies. 42 U.S.C. § 1997e; *Brown v.*

---

to the Clerk of Court, until the full amount of the filing fee has been paid. The Court takes judicial notice that, in another Hamblen County prisoner's case, the plaintiff submitted a statement signed by the Chief Jailer, stating that the facility does not keep or maintain prisoner trust accounts. *See Flannery v. Hamblen County Sheriff's Dep't Medical Staff*, Civil Number 2:-5-cv-148, Doc. 6. Thus, the Court concludes that the plaintiff has no inmate trust fund from which to draw periodic payments to satisfy the filing fee. Nevertheless, the plaintiff has been assessed the filing fee and this constitutes a financial obligation on the part of the plaintiff.

*Toombs*, 139 F.3d 1102 (6th Cir.), *cert. denied*, 525 U.S. 833 (1998). Exhaustion is mandatory and applies to all inmate suits about prison life, including general prison conditions and single incidents that affect only particular prisoners. *Porter v. Nussle*, 534 U.S. 516, 532 (2002). In order to satisfy the requirements of § 1997e(a), "a prisoner must plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint." *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert. denied*, 531 U.S. 1040 (2000). A district court must enforce the exhaustion requirement *sua sponte*. *Brown*, 139 F.3d at 1104.

In this case, the plaintiff avers, in section II of his complaint, that there is no grievance system in existence at the Hamblen County Jail. He alleges that his family members have telephoned defendants Otto Purkey and Rookie Inman to complain about the medications and that he himself has filled out daily medical request forms but has not received his other medications nor seen a medical care provider.

Based on the plaintiff's allegations that Hamblen County

3

Jail does not provide a grievance procedure for prisoners, the Court finds that he has exhausted his administrative remedies.[3]

In screening the complaint, as required by 28 U.S.C. § 1915A, the Court notes that the plaintiff makes absolutely no allegations against defendant Judge Joyce Ward. Another named defendant, the Hamblen County Jail, is a building and not a suable entity under § 1983. *See Monell v. Department of Social Services*, 436 U.S. 658, 688-90 (1978); *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir.1991). Accordingly, these two defendants are **DISMISSED** for the plaintiff's failure to state a claim against them.

Secondly, there are problems with the plaintiff's claims for relief, which he states, as follow:

> "I want out of this Jail due to my medical and mental situation and Dismiss[al] of all my mistormanor [misdemeanor] charges and fines."

---

[3] Of course, this finding will be revisited if the defendants provide proof that, in fact, Hamblen County Jail provides a grievance procedure through which the plaintiff's specific complaints about his medications can be offered.

4

Case 2:04-cv-00377   Document 8   Filed 07/22/05   Page 4 of 6   PageID #: 15

Compl. at ¶ 5. Unfortunately for the plaintiff, the Court cannot grant him the type of relief he seeks. The plaintiff's allegations regarding his illegal detention relate directly to the fact and duration of his physical confinement, and thus his sole federal remedy in that regard is to seek a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973). Given the liberal standard of review for *pro se* complaints, this Court could convert the plaintiff's § 1983 complaint to a habeas petition. *Haines v. Kerner*, 404 U.S. 519 (1972). However, a great deal of information is required for a habeas petition which is not supplied in a § 1983 complaint. *See* Rules Governing Section 2254 Cases. Also, a state prisoner who seeks habeas relief from an alleged unconstitutional conviction must first exhaust his available state court remedies by fairly presenting all his claims to the courts in the state where he was convicted. 28 U.S.C. § 2254(b); *Rose v. Lundy*, 455 U.S. 509 (1982). There is no indication in the complaint that this particular exhaustion requirement has been met.

Therefore, the Court is inclined to dismiss this case since

it cannot be converted to a habeas case and since it is impossible to afford the plaintiff the relief he seeks in his § 1983 complaint. However, since he is a *pro se* prisoner, he will be allowed twenty (20) days from the date on this order to amend his complaint to state a proper form of relief. If the complaint is not amended as directed or if the plaintiff fails to respond to this order, his lawsuit will be dismissed for failure to prosecute or to comply with the orders of the Court. *See* Fed. R. Civ. P. 41(b).

Finally, given the circumstances at this point in the proceedings, the plaintiff's motion for appointed counsel is **DENIED**. (Doc. 5).

ENTER:

                                          s/Thomas Gray Hull
                                          THOMAS GRAY HULL
                                            SENIOR U. S. DISTRICT JUDGE